UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:18-CR-00017-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID DEWOLF DERRICK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant David Dewolf Derrick's Motion for Compassionate Release [Doc. 1861] pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States (the "Government") responded in opposition to Defendant's Motion [Doc. 1863] and Federal Defender Services has filed a Notice that it does not intend to file any additional pleadings [Doc. 1879]. This matter is now ripe for resolution. For the reasons stated herein, Defendant's Motion [Doc. 1861] is **DENIED**.

**I.    BACKGROUND**

On September 10, 2019, Defendant pleaded guilty to a conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) [Docs. 1077, 1177]. On January 23, 2020, this Court sentenced Defendant to a term of 151 months' imprisonment and a five-year term of supervised release [Docs. 1528, 1529]. Defendant's projected release date is December 10, 2028 [Doc. 1863-1]. The warden denied Defendant's request for compassionate release based on "medical issues that at a later time will end in a knee surgery" on September 29, 2022 [Doc. 1861, pg. 30]. On January 29, 2021, Defendant filed the Motion for Compassionate Release that is currently before the Court [Doc.

1

1861]. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and asserts that release is appropriate because of risks posed by COVID-19, prison conditions, and Defendant's rehabilitation efforts [*Id*. at pgs. 3, 7, 10, 15]. The United States opposes Defendant's motion and argues that he does not meet the requirements for compassionate release [Doc. 1863].

**II.    LEGAL STANDARD**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to

---

[1]     The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as he is 48 years old and has only served approximately five years in the BOP. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived or forfeited by the Government. *Id*. at 833-34.

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

### III.  ANALYSIS

Here, the Government contends Defendant has failed to satisfy the exhaustion requirement [Doc. 1863, pg. 3]. Defendant submitted a request for compassionate release, which the warden denied, but the ground for that request was a medical condition that may result in knee surgery [Doc. 1861, pg. 30]. By contrast, the grounds asserted in his present motion are COVID-19 risk, conditions of confinement, and rehabilitation. The Government argues a defendant filing for compassionate release must "present the same or similar ground for compassionate release in a request to the [BOP] as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (explaining "any contrary approach would undermine the purpose of exhaustion"

3

Case 2:18-cr-00017-DCLC-CRW   Document 1880   Filed 05/25/23   Page 3 of 6   PageID #: 13362

because "the [BOP] cannot determine whether it should bring a compassionate-release motion if an inmate does not explain in his request the ground justifying his release"); *see also United States v. Gieswein*, 832 F. App'x 576, 578 (10th Cir. 2021) ("Mr. Gieswein's request to the warden did not include COVID-19 as a reason for compassionate release. Therefore, he has failed to meet the statute's exhaustion requirements and his COVID-19 justification was properly dismissed.") (citations omitted). These courts' reasoning is persuasive, and the Court could deny Defendant's motion on this ground alone. Nonetheless, the Government argues that while a court may not grant the motion of a Defendant who fails to exhaust remedies, the Court may "*deny* such a motion for any reason that is supported in the record." *Williams*, 987 F.3d at 702 (emphasis in original). As explained below, Defendant's motion is due to be denied on the merits, so the Court turns to the two requirements for defendant-filed motions: (1) whether extraordinary and compelling reasons exist and (2) whether the applicable Section 3553(a) factors warrant a sentence reduction.

### A. Extraordinary and Compelling Reasons

Defendant "seeks compassionate release based on … the COVID-19 pandemic." [Doc. 1861, pg. 16]. But the Sixth Circuit has held, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an extraordinary and compelling reason warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Here, although Defendant has tested positive for COVID-19 [*Id.*, pg. 26], he has also received three doses of the vaccine [Doc. 1864, pgs. 1, 3]. He fails to show COVID-19 is an extraordinary and compelling reason for release in his case.

Defendant further asserts BOP has "fail[ed] to maintain a safe correctional environment" amidst the pandemic and contends prisoners face "sexual violence and medical neglect" as well as

4

"understaffing and years of long lockdowns." [Doc. 1864, pg. 7]. The Court agrees with the Government that to the extent Defendant seeks relief from these conditions of confinement, the proper remedy is a civil lawsuit under 42 U.S.C. § 1983 in the federal judicial district where he is incarcerated. *See, e.g.*, *United States v. Phillips*, No. 2:14-CR-00104-3-JRG, 2021 WL 5070123, at *2 (E.D. Tenn. Nov. 1, 2021); *United States v. Guzman*, No. 3:10-CR-161-TAV-DCP, 2021 WL 5217624, at *6 (E.D. Tenn. Nov. 9, 2021) ("To the extent that defendant argues that the Bureau of Prisons is violating her rights by failing to protect adequate medical treatment, … such claims should be addressed through 42 U.S.C. § 1983 or another appropriate civil remedy, not through a motion for compassionate release.").

Defendant further argues, "[s]ince arriving at USP Atwater … [Defendant] has taken numerous self improvement classes and has done everything that has been asked of him authorized by the First Step Act …" [Doc. 1861, pg. 10]. But Congress has instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 944(t). Further, rehabilitation is "expected of federal prisoners," and is therefore neither extraordinary nor compelling. *United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021). Here, Defendant has commendably participated in numerous BOP programs, [*see* Doc. 1863-3], but he has also incurred a significant disciplinary record, including two assaults [Doc. 1863-2]. While Defendant's rehabilitation efforts are to be applauded, they fail to justify release.

**B. Applicable § 3553(a) Factors**

In any event, the 18 U.S.C. § 3553(a) factors weigh against modifying Defendant's sentence. Defendant was sentenced to 151 months' imprisonment, at the bottom of his guideline

5

range [*See* Doc. 1410, ¶ 97; Doc. 1529, pg. 2].[2] He pleaded guilty to a conspiracy to distribute 50 grams or more of methamphetamine, a serious offense [Doc. 1077]. Defendant's Presentence Investigation Report detailed an extensive criminal history, including possession of drugs and paraphernalia [Doc. 1410, ¶¶ 47–48, 50, 55, 58, 63, 65], casual exchange of marijuana [*Id.*, ¶ 53], theft [*Id.*, ¶ 54], possession of a firearm as a convicted felon [*Id.*, ¶ 57], a domestic assault [*Id.*, ¶ 59], a DUI [*Id.*, ¶ 59], and numerous instances of driving without a license or with a suspended license [*Id.*, ¶¶ 45, 50–52, 61–62, 64, 66–67]. He continues to incur disciplinary infractions in prison [Doc. 1863-2]. Reducing Defendant's bottom-of-the-guidelines sentence would depreciate the seriousness of his offense, fail to provide just punishment, and risk creating unwarranted sentencing disparities. Defendant's criminal history reveals a lack of respect for the law, and releasing him now would fail to deter him and others from committing future crimes.

IV. **CONCLUSION**

Accordingly, Defendant's Motion for Compassionate Release [Doc. 1861] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[2] Although the Presentence Investigation Report failed to note two prior sentences had been suspended to probation, therefore garnering no criminal-history points, the removal of those points did not alter Defendant's guideline range [*see* Doc. 1489].

6

Case 2:18-cr-00017-DCLC-CRW   Document 1880   Filed 05/25/23   Page 6 of 6   PageID #: 13365